UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-402 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DANIEL WILLIAMS | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF FILING

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, requests that the attached letter, dated March 17, 2006, be made part of the record in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

_____

BRIAN P. ROGERS
Special Assistant United States Attorney
Federal Major Crimes Section, Maryland Bar
555 4th Street, N.W., Room 4712
Washington, DC 20530
(202) 616-1478


**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 17, 2006

Mary Petras
Federal Public Defender Office
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004

                Re: *United States v. Daniel Williams*,
                    Criminal Number 05-0402 (PLF)

Dear Ms. Petras:

      I write to inform you of the government's position at sentencing in the above-captioned case. As you know, your client is charged in a two-count information with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924(c)(1). The parties entered into a plea agreement in which your client agreed to enter a plea of guilty to count one of the information.

      During negations, the parties contemplated that the defendant's base offense level should be increased by four levels. See, for example, your e-mail to Barry Wiegand on December 2, 2005, in which you stated "we'd like to take your original offer to the 922(g) with the four level gun bump." It is clear that you were referring to Section 2K2.1(b)(5) of U.S. Sentencing Guidelines which provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense," his base offense level should be increased by four levels.

      In the plea agreement, however, the government agreed that it would "not seek any increases in your client's base offense level other than those which are agreed to by your client in this

agreement," and, as you know, your client did not agree to any increases in the plea agreement. Moreover, although the four-level increase should have been identified during the Presentence Investigation (as the factual proffer in support of the defendant's guilty plea contained information sufficient to trigger it), the initial Presentence Investigation Report did not identify the increase as applying.

Upon receiving the initial PSI Report, prior counsel– in view of our obligation to be candid with the Probation Office and to assure the accuracy of the record–pointed out several inaccuracies in the report. Among other things, counsel advised that the defendant's base offense level should be increased by four levels under USSG 2K2.1(b)(5). That objection was resolved and the four-level increase was incorporated into the revised PSI Report.

Now, however, you take the position that the government, by pointing out this inaccuracy to Parole Office, has sought an increase in your client's base offense level other than one he agreed to in the plea agreement, and has thereby breached the plea agreement with your client. Moreover, you maintain that specific performance is the appropriate remedy for the asserted breach.

We disagree. In our view, for a number of reasons, prior counsel's good faith efforts to correct errors in the PSI Report did not amount to a breach of the plea agreement, and in no event would specific performance be the appropriate remedy.

However, upon further review and consideration of the file and the record in this case, we now think that the four-level increase is inapplicable for reasons unrelated to the plea agreement. As mentioned above, in order for the enhancement to apply, the government would have to prove that your client possessed the firearm in connection with another felony offense–drug trafficking in this case. At this time, we are not in a position to prove that the defendant's possession of marijuana in this case constituted a felony offense. Accordingly, in order to avoid that litigation, the government will take the position at sentencing that the defendant's base offense level should not be increased by four levels.

Sincerely,

KENNETH WAINSTEIN
United States Attorney

By: _____
Brian Rogers
Special Assistant United States Attorney