UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

      v.      :      CR-05-402 (PLF)

DANIEL WILLIAMS :

**DEFENDANT'S SENTENCING MEMORANDUM**

Procedural/Factual Background

    Mr. Daniel Williams will appear before this Honorable Court for sentencing on March 29, 2006, for the offense of possession of a firearm and ammunition by a person convicted of crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g). He is a forty-one year old man who has worked for the last ten years at Hayden's Liquor Store in Southeast, Washington, D.C. Although Mr. Williams has several prior convictions, the most serious of those offenses (distribution and attempted distribution) occurred in the 1980s. He also has a theft conviction from 1994, a possession of cocaine conviction from 1996, and an escape from a halfway house conviction from 1996. His most recent conviction was for driving on a suspended license in 1999. Over the past ten years, Mr. Williams has worked to support his family and, with the exception of the driving offense, stay out of trouble.

    On October 13, 2005, Mr. Williams was arrested in relation to the instant matter, after police officers conducted a traffic stop of the car he was driving. When the officers approached Mr. Williams's car, he immediately told them that he had a gun. When counsel first met with Mr. Williams after his arrest, he informed counsel that he wished to pled guilty. Because of the age of Mr. Williams's prior convictions and uncertainty as to appropriate sentencing calculations,

counsel requested a pre-plea criminal history report. After the preparation of that report, counsel negotiated a plea agreement with the government and on December 21, 2005, Mr. Williams pled guilty. Mr. Williams, through undersigned counsel, respectfully submits the following for the Court's consideration in determining a reasonable sentence. See United States v. Booker, __ U.S. __, 125 S.Ct. 738, 768 (2005) (sentences reviewable only for reasonableness).

Argument

As set forth in the Government's Memorandum in Aid of Sentencing, the Presentence Investigation Report incorrectly calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines"). As the government submits, the appropriate range is 15 to 21 months, based on an offense level of 12 (base offense level 14, minus 2 for acceptance of responsibility) and a criminal history category III. The government requests a sentence of fifteen months, the bottom of the Guideline range. For the following reasons, such a sentence is not appropriate and a sentence below the Guideline range would be reasonable.

The Guidelines, or course, are not mandatory. The Court must only consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, __ U.S. __, 125 S.Ct. 738, 764 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Following <u>Booker</u>, Courts need not justify sentences outside the applicable Guidelines range by citing an applicable Guidelines grounds for departure or factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in § 3553, the Court may disagree with the range proposed by the Guidelines and exercise discretion to impose a sentence outside the range.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." <u>Id.</u> at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

In this case, a sentence of fifteen months is greater than necessary to comply with the purposes of § 3553. The government argues that Mr. Williams should not be given an "additional leniency," arguing that Mr. Williams received a "substantial benefit" from his plea.

3

The only benefit that Mr. Williams received from the plea is the two level downward adjustment for acceptance of responsibility and the government's request for sentencing at the low end. Mr. Williams did not get the benefit of not having a four level increase in his offense level for having the firearm in connection with another offense as a result of his plea – as the government agrees, the increase simply does not apply. The Court should not, as the government suggests, compare Mr. Williams's offense level to an offense level that simply does not apply to Mr. Williams conduct.

Moreover, when considering the Guidelines, the Court should consider that in 2003, the Sentencing Commission issued a policy statement, contained in U.S.S.G. § 5K3.1, in which the Commission approved of a downward departure of up to 4 levels for defendants who agreed to plead guilty very early on in the proceedings. The merits of this policy statement are readily apparent. Early dispositions conserve scarce prosecutorial and judicial resources. As this Court is fully aware, there are an overwhelming number of possessory gun cases prosecuted in this district. Many of these cases clog the courts' calendars. Section 5K3.1 implements the Sentencing Commissions' desire that defendants who agree to plead early on in the proceedings receive additional credit. Here, Mr. Williams agreed to pled early on in the proceedings, although due to continuances unrelated to Mr. Williams's willingness to accept responsibility, it took some time for the plea to go forward. A four level reduction in the offense level here would reduce the Guidelines range from 15 to 21 months to 8 to 14 months, and place him in Zone C.

When considering the nature and circumstances of the offense, the Court should consider that Mr. Williams possessed the gun in this case only for protection because of the very real dangers of living where he was living. Mr. Williams recognizes that this is not an excuse for his

behavior and that he has no right to possess a gun under any circumstances. He also recognizes that he has put his own freedom at risk because of his choice to possess a gun.

When considering Mr. Williams's character, the Court should consider that Mr. Williams has demonstrated his ability to maintain a job and support his family. In requesting a sentence of fifteen months, the government focuses on Mr. Williams's prior convictions, particularly his conviction for distribution of PCP. That conviction occurred twenty years ago.

Finally, the Court should consider that Mr. Williams has demonstrated his ability to do well under supervision in this matter, by abiding by the conditions of his release over the last five months. On March 27, 2006, counsel spoke with a representative of the Pretrial Services Agency, who confirmed that Mr. Williams has abided by the conditions of his release. A review of the other applicable factors set forth in § 3553(a) demonstrates that a sentence of supervised release would be a reasonable sentence in this matter.

## Conclusion

For the foregoing reasons, and such other reasons as may be presented at the sentencing hearing, Mr. Williams respectfully requests that the Court not impose a sentence of any additional incarceration and impose a sentence time served with supervised release.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500